**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARRELL W. BRUCE** | ) | **CASE NO. 1:10CV2894** |
| | ) | |
| Petitioner, | ) | **JUDGE JAMES S. GWIN** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **ROBERT WELCH, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner Darrell W. Bruce ("Bruce") challenges the constitutionality of his conviction in the case of *State v. Bruce*, Cuyahoga County Court of Common Pleas Case No. CR503337. Bruce, represented by counsel, filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on December 22, 2010. On March 29, 2011, Warden Robert Welch ("Respondent") filed a Motion to Dismiss. (Doc. No. 8.) Bruce filed a brief in opposition to the Motion to Dismiss on April 8, 2011. (Doc. No. 10.) For reasons set forth in detail below, the Court recommends that Respondent's Motion to Dismiss be denied.

## I. Procedural History

### A. Conviction

On November 15, 2007, a Cuyahoga County Grand Jury charged Bruce with three counts of rape by force of a child under thirteen in violation of Ohio Revised Code ("O.R.C.") §2907.02(A)(1)(b), three counts of gross sexual imposition with a child under thirteen in violation of O.R.C. § 2907.05(A)(4), and one count of failure to provide notice of change of address in violation of O.R.C. § 2950.05(E)(1). (Doc. Nos. 8-4 to 8-10; Exhs. 1-7.) Sexually violent predator specifications were attached to each of the rape and gross sexual imposition counts. *Id.*

On March 20, 2008, the first trial commenced. That jury was unable to reach a unanimous verdict. (Doc. No. 8-16; Exh. 13.) On July 31, 2008, a second jury found Bruce

guilty of all counts and specifications, except a rape charged under count three. (Doc. No. 8-17; Exh. 14.) On August 5, 2008, Bruce was sentenced to consecutive terms of life without parole for the rape convictions in counts one and two; two years to life for the gross sexual imposition offenses in counts four, five and six; and five years on count seven, the failure to notify offense. (Doc. No. 8-18; Exh. 15.)

### B. Direct Appeal

On August 29, 2008, Bruce, through counsel, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court") raising twenty-three assignments of error:

1. Defendant was denied due process of law and equal protection of the law when the court refused to grant defendant's request for a transcript of his prior trial.

2. Defendant was denied due process of law and a fair trial when the court permitted the prosecutor, during direct examination of [N.W. and D.W.], to play their recorded interviews with a social worker.

3. Defendant was denied due process of law when the court ruled that his wife, [E.B.], could testify over defendant's objection.

4. Defendant was denied due process of law when the court overruled defendant's motion to suppress concerning a recorded phone conversation made by [E.B.] at the request of a deputy sheriff.

5. Defendant was denied due process of law and a fair trial when the court refused to bifurcate a specification charging defendant as a sexual violent predator.

6. Defendant was denied due process of law when the court overruled his motion to dismiss various counts of the indictment.

7. Defendant was denied a fair trial when the court allowed Devan Demery to testify concerning other bad acts.

8. Defendant was denied due process of law when the court refused to grant a continuance when the prosecutor amended discovery during the course of the trial.

9. Defendant was denied a fair trial by reason of cumulative errors committed during the course of the trial.

10. Defendant was denied due process of law and a fair trial when the witnesses were allowed to testify as to the truth and veracity of the claims made against defendant and defendant's guilt.

11. Defendant was denied a fair trial by reason of improper

        prosecutorial argument.

12. Defendant was denied due process of law when he was convicted of offenses which required no culpable mental state.

13. Defendant was denied due process of law when he was convicted of a sexually violent predatory specification which specification failed to allege any of the elements of the specification.

14. Defendant was denied due process of law when the court failed to give a proper curative instruction concerning other acts evidence.

15. Defendant was denied due process of law when the court improperly answered a question concerning elements of failure to register.

16. Defendant was denied due process of law when the court failed to instruct fully as to the statutory definition of a sexually violent predator.

17. Defendant was denied due process of law and a fair trial when the court failed to include the entirety of its jury instructions.

18. Defendant was denied due process of law when the court amended the venue statute and indictment by instructing the jury it could convict for offenses committed in other than Cuyahoga County.

19. Defendant was denied due process of law when the court would not require the jury to determine the date and location of the offenses.

20. Defendant was denied due process of law when he was convicted and sentenced as a sexually violent predator.

21. Defendant was denied due process of law when he was sentenced to five (5) years for a felony of the third degree for failure to register.

22. Defendant was denied due process of law when the court overruled defendant's motion for judgment of acquittal.

23. Defendant was denied his Sixth Amendment rights when the court sentenced defendant to consecutive terms of imprisonment on all offenses based on judicial factfinding.

(Doc. Nos. 8-19, 8-21; Exhs. 16 and 17.)  On November 25, 2009, the state appellate court affirmed in part and reversed in part, remanding "with instructions to the trial court to amend its journal entry to find Bruce not guilty of the sexually violent predator specifications attendant to Counts 1 through 6." (Doc. No. 8-26; Exh. 23.)

     On December 8, 2009, Bruce filed an application for reconsideration, in part requesting a

remand for resentencing because of the reversal of the convictions for the sexually violent predator specifications. (Exh. 24.) The State opposed the application, but agreed that resentencing was necessary. (Exh. 25.) On January 27, 2010, the court denied reconsideration. (Exh. 26.)

On December 7, 2009, Bruce filed a motion for consideration *en banc* which was denied on January 26, 2010. (Exhs. 28 and 29.) Bruce also filed a motion for certification of conflict, which was denied on January 27, 2010. (Exhs. 31 and 32.)

On March 8, 2010, Bruce appealed to the Ohio Supreme Court raising twenty propositions of law:

1. A Defendant has been denied due process of law and equal protection of the law when the court refuses to grant defendant's request for a transcript of his prior trial.

2. A Defendant has been denied due process of law and a fair trial when the court permits the prosecutor, during direct examination of witnesses to play their *ex parte* recorded interviews with a social worker.

3. A Defendant has been denied due process of law when the court allowed Defendant's wife to testify over Defendant's objection.

4. A Defendant had been denied due process of law when the court allows a recorded phone conversation with Defendant made by his wife at the request of a deputy sheriff.

5. A Defendant has been denied due process of law when the court refuses to dismiss various counts of the indictment which are duplicates of one another.

6. A Defendant has been denied a fair trial when the court allows testimony concerning an alleged sexual encounter occurring seventeen years prior to the trial date.

7. A Defendant has been denied a fair trial when the court refused to grant a continuance where the prosecutor produces a new witness in the middle of the trial.

8. A Defendant has been denied a fair trial by reason of cumulative errors committed during the course of the trial.

9. A Defendant had been denied due process of law and a fair trial when witnesses were allowed to testify to the truth and veracity of the claims made against defendant and his guilt.

10. A Defendant has been denied a fair trial by reason of improper prosecutorial argument.

> 11. A Defendant has been denied due process of law when he was convicted of offenses for which no culpable mental state was required.
>
> 12. A Defendant has been denied due process of law when he is convicted of being a sexually violent predatory when none of the elements were alleged in the indictment.
>
> 13. A Defendant has been denied a fair trial when the court fails to give a proper limiting instruction concerning other acts.
>
> 14. A Defendant has been denied due process of law when the court improperly answers a question concerning elements of the failure to register.
>
> 15. A Defendant has been denied due process of law when the court fails to fully instruct on the elements of a sexually violent predator specification.
>
> 16. A Defendant has been denied due process of law when the court amends the venue statute and indictment allowing a conviction for an offense committed in other than Cuyahoga County.
>
> 17. A Defendant has been denied due process of law when the court sentenced Defendant for a third degree felony for failure to register without a specific finding by the jury.
>
> 18. Defendant has been denied due process of law when he is convicted of offenses where insufficient evidence has been presented.
>
> 19. A Defendant has been denied his right under the Sixth Amendment when the court sentences Defendant to consecutive sentences based on judicial fact finding.
>
> 20. When an appellate court has vacated a sexually violent predator specification a resentencing is required, not just a deletion of the conviction from the court's journal entry.

(Doc. Nos. 8-36, 8-37; Exhs. 33 and 34.) On May 26, 2010, the appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 8-39, Exh. 36.)

### C. Corrected Entry and Resentencing

While Bruce's appeal was pending in the Ohio Supreme Court, on April 6, 2010, the trial court resentenced him to life imprisonment on counts one and two and to consecutive terms of five years on the remaining counts.[1] (Doc. No. 8-40, Exh. 37.) The journal entry notes that all

---

[1] The journal entry actually states Bruce was sentenced for a "term of life on counts 1 and 2, 5 years on counts 4, 5, 6 and 7. 5 years on each count is consecutive." (Doc. No. 8-40; Exh.

sexually violent predator specifications were deleted.  *Id*.

On May 5, 2010, Bruce, through counsel, appealed to the state appellate court raising four assignments of error:

> 1. Defendant was denied due process of law when the court resentenced defendant while an appeal was pending in the Ohio Supreme Court.
>
> 2. Defendant was denied due process of law when the court increased his sentence for gross sexual imposition at sentencing.
>
> 3. Defendant was denied due process of law when he was sentenced on count seven as a felony of the third degree when there was no separate finding by the jury as to the degree of the offense of gross sexual imposition.
>
> 4. Defendant was denied due process of law when the court arbitrarily imposed consecutive sentences without stating any reasoning.

(Doc. Nos. 8-41, 42; Exhs. 38 and 39.)  On November 20, 2010, the state appellate court *sua sponte* remanded to the trial court with directions to include the means of conviction for each count in the resentencing journal entry.  (Doc. No. 8-44; Exh. 41.)  On December 23, 2010, the trial court issued a new judgment entry, including the means of conviction and the same sentence as specified in the April 6, 2010, journal entry.  (Doc. No. 8-45; Exh. 42.)

**D.  Federal Habeas Petition**

On December 22, 2010, Bruce filed a Petition for Writ of Habeas Corpus asserting fifteen grounds for relief:

> **Ground One: Fourteenth Amendment**
> **Supporting Facts**: Petitioner was tried in these charges and the jury was unable to agree on a verdict and mistrial was declare [sic].  Petitioner, before a second trial requested a transcript of the witnesses from the trial to prepare a defense for his second trial.  This was denied.
>
> **Ground Two: Sixth and Fourteenth Amendment**
> **Supporting Facts**: Petitioner was denied due process of law and a fair trial when the court permitted the prosecutor, during the direct examination of witnesses against petitioner to play their *ex parte* recorded interviews with a social worker.
>
> **Ground Three: Sixth and Fourteenth Amendment**

---

37.)

**Supporting Facts**: Petitioner was denied due process of law and a fair trial when the court allowed petitioner's wife to testify over the objection of petitioner.

### Ground Four: Sixth and Fourteenth Amendment
**Supporting Facts**: Petitioner was denied due process of law when the court allowed recorded phone conversation with petitioner made by his wife at the special instance and request of a deputy sheriff to be used at trial.

### Ground Five: Fifth, Sixth and Fourteenth Amendment
**Supporting Facts**: Petitioner was denied due process of law when the court refused to dismiss counts of the indictment which were duplicates of one another which denied petitioner's right to know the nature of the offense and to defend.

### Ground Six: Fourteenth Amendment
**Supporting Facts**: Petitioner was denied a fair trial when the court permitted testimony concerning an alleged sexual encounter occurring seventeen (17) [sic] prior to the trial date.

### Ground Seven: Fourteenth Amendment
**Supporting Facts**: Petitioner was denied a fair trial when the court refused to grant a continuance where the prosecutor produced a new witness in the middle of the trial.

### Ground Eight: Fourteenth Amendment
**Supporting Facts**: Petitioner was denied a fair trial by reason of the accumulation of errors committed during the course of the trial.

### Ground Nine: Fourteenth Amendment
**Supporting Facts**: Petitioner was denied a fair trial and due process of law when witnesses were permitted to testify to the truth and veracity of claims made against petitioner and express their opinion of his guilt. In addition the prosecuting attorney made improper prosecutorial arguments which denied petitioner a fair trial.

### Ground Ten: Fifth, Sixth and Fourteenth Amendment
**Supporting Facts**: Petitioner was denied due process of law when he was convicted of being a sexually violent predator when none of the elements of that claim were alleged in the indictment.

### Ground Eleven: Fourteen [sic] Amendment
**Supporting Facts**: Petitioner was denied a fair trial when the court failed to give a proper limited instruction concerning other bad acts as offered by the prosecution.

### Ground Twelve: Fourteenth Amendment
**Supporting Facts**: Petitioner was denied due process of law when the court improperly answered a question from the jury concerning the elements of the offense of failure to register.

### Ground Thirteen: Sixth and Fourteenth Amendment
**Supporting Facts**: Petitioner was denied due process of law when the court amended the Ohio Venue Statute and indictment which permitted a conviction for offenses alleged to have been committed in counties other than

Cuyahoga County.

**Ground Fourteen: Fourteenth Amendment**
**Supporting Facts**: Petitioner was denied due process of law when the court sentenced petitioner for a third degree felony for failure to register where the jury did make a specific finding elevating this offense from a fourth degree to a third degree felony.

**Ground Fifteen: Fourteenth Amendment**
**Supporting Facts**: Petitioner was denied due process of law when he was convicted of offenses for which there was insufficient evidence to permit a rational factfinder to return a verdict of guilty.

(Doc. No. 1.) In the motion to dismiss, the Warden contends that ground fourteen is unexhausted. (Doc. No. 8 at 17-18.) Consequently, Respondent urges the Court to dismiss the Petition, arguing that Bruce will not be able to demonstrate good cause for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. No. 8 at 18.) Respondent further contends that ground ten is moot as it no longer presents a claim or controversy and should be dismissed.

## II. Law

### A. Exhaustion

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Under this "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)*; Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97-99 (6th Cir.), *cert. denied*, 474 U.S. 831, 106 S.Ct. 99 (1985). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17

F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

If a petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671 (1987). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claim he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

The Sixth Circuit set forth the options a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528, 161 L.Ed.2d 440; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19, 70 S.Ct. 587, 94 L.Ed. 761 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

### B. Stay and Abeyance

A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal

court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations as the filing of a federal habeas petition does not toll the statute of limitations. *Id.* at 274-275; *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001). Stay and abeyance is only appropriate when a district court determines that a petitioner has shown good cause for the failure to first exhaust the claims in state courts, a petitioner's unexhausted claims are not plainly meritless, and a petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

### III. Analysis

In ground fourteen, Bruce claims that he was sentenced, in violation of due process of law, as a third degree felony for failure to register when the jury did not make a specific finding elevating this offense from a fourth degree felony. (Doc. No. 10 at 1.) Respondent contends that this ground is not fully exhausted as an appeal is pending in state court and, therefore, urges the Court to dismiss, rather than stay the Petition. (Doc. No. 8 at 17-18.) Bruce maintains that ground fourteen is fully exhausted, as the state appellate court on March 17, 2011, ruled that this same argument was rejected on direct appeal and "[t]hat holding is now the law of the case and cannot be revisited." *State v. Bruce*, Case No. 95064, 2011-Ohio-1240. Bruce also notes that as of April 8, 2011, when he filed his response to the motion to dismiss, an application for reconsideration was pending before the state appellate court. (Doc. No. 10 at 2.)

The Court reviewed the public docket for Cuyahoga County and hereby takes judicial notice that Bruce's ground fourteen is fully exhausted. On March 28, 2011, Bruce filed a motion for reconsideration. (Doc. No. 10 at 2.) The state appellate court denied the motion on May 6, 2011. *See* Docket Information, http://cpdocket.cp.cuyahogacounty.us. Bruce appealed to the Ohio Supreme Court, which dismissed the case as not involving any substantial constitutional question on October 21, 2011. *Id*.

### IV. Conclusion

As ground fourteen is fully exhausted, the Court hereby recommends that Respondent's

10

motion to dismiss be denied.² If no objections are filed, the Court orders Respondent to file an Answer/Return of Writ within thirty (30) days of this Order. However, if objections are filed and this Recommendation is adopted, Respondent has thirty (30) days from the District Court's ruling to file the Answer/Return of Writ. Petitioner will have thirty (30) days from the Respondent's answer to file a Traverse.

                                                              s/ Greg White
                                              United States Magistrate Judge

Date:   November 2, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

²Respondent also argues that ground ten is moot. The Court will address this issue after the habeas petition is fully briefed.