UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
                                            :
DARRELL BRUCE,                              :        CASE NO. 1:10-CV-2894
                                            :
            Petitioner,                     :
                                            :
vs.                                         :        ORDER & OPINION
                                            :        [Resolving Doc. 21]
ROBERT WELCH, Warden,                       :
                                            :
            Respondent.                     :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     Darrell Bruce petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

In an earlier Opinion and Order, this Court denied Bruce's petition.[2]  Bruce now moves this Court

to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e).[3]  He assertsthree

purported errors.  First, he says that this Court misconstrued his claim to a free transcript as a legal

claim, when in fact it is a factual claim.  Second, he contends that the Court misunderstands the

Confrontation Clause.  Finally, he says that his claim for relief based on recorded phone

conversations with his wife should be assessed under the Fifth and Sixth Amendments, not the

Fourth Amendment to the Constitution.  Because Bruce errs in asserting errors of law, and because

he is otherwise not entitled to relief, the Court **DENIES** Bruce's motion.

     Rule 59 permits a court "to alter or amend a judgment" but "no later than 10 days after entry

---

[1][Doc. 1.]

[2][Doc. 19.]

[3][Doc. 21.]

Case No. 1:10-cv-2894
Gwin, J.

of the judgment"[4/]  "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse."[5/]  The Court's earlier order laid out the underlying facts of this case.[6/]  The Court does not revisit them here.

In his first purported claim to relief, Bruce says that the state court's ruling that he was not indigent, and, therefore, was not entitled to a free copy of his trial transcript was "an unreasonable determination of the facts by the state court."[7/]  Yet Bruce did not claim relief under 28 U.S.C. § 2254(d)(2) in his initial petition.  Instead, he said that "the determination by the trial court and Court of Appeals was an unreasonable application of Supreme Court precedent entitling petitioner to relief on this issue."[8/]  Since Bruce did not raise this issue as a factual claim in his initial petition, he cannot now raise it in his claim for Rule 59 relief.[9/]

Second, Bruce says that this Court erred in finding no Confrontation Clause violation where previously record interviews were played at trial because the witnesses were available for cross examination.  He says that because no cross examination was available when the witnesses made the statements on video, the Confrontation Clause barred their admission at trial.  Bruce is simply wrong on this point.  The Confrontation Clause and the hearsay rules are distinct limitations.  The former is a constitutional rule.  The latter is a state rule of evidence and not cognizable on habeas.  As the

---

[4/]Fed.R.Civ.P. 59(e).

[5/]*Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

[6/][Doc. 19.]

[7/][Doc. 21 at 3.]

[8/][Doc. 13 at 9.]

[9/]*See Taylor v. Geithner*, 703 F.3d 328, 337-38 (6th Cir. 2013).

Case No. 1:10-cv-2894
Gwin, J.

Court earlier explained, the Confrontation Clause bars the admission of testimonial, out-of-court statements where the declarant is not present at trial, and the defendant has not had a prior opportunity for cross examination.[10/]  On the other hand,

> when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. *See California v. Green*, 399 U.S. 149, 162 (1970).  It is therefore irrelevant that the reliability of some out-of-court statements " 'cannot be replicated, even if the declarant testifies to the same matters in court.' " Post, at 1377 (quoting *United States v. Inadi*, 475 U.S. 387, 395 (1986)). The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.[11/]

Bruce concedes that all of the witnesses presented on video were testified at trial.[12/]  Accordingly, the Confrontation Clause did not bar the video's admission.  Bruce's citation to *Tome v. United States,* is inapposite as that case concerned the Federal Rules of Evidence, which did not govern Bruce's trial.[13/]

Finally, Bruce says that this Court misconstrued his objection to the admission of taped phone conversations between Bruce and his wife as a Fourth Amendment claim, when, in fact, it should have considered them as Fifth and Sixth Amendment claims.  The Court has some difficulty in understanding Bruce's argument.  As best the Court can tell, Bruce suggests that because his wife was acting in consort with law enforcement, he was entitled to *Miranda* warnings and counsel each time she talked to him.  Of course, *Miranda*, applies only to custodial interrogations,[14/] and Bruce

---

[10/] *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).

[11/] *Id.* at 59 n.9.

[12/] [Doc. 18 at 4.]

[13/] 513 U.S. 150, 156 (1995).

[14/] *See Berkemer v. McCarty*, 468 U.S. 420, 433 (1984).

Case No. 1:10-cv-2894
Gwin, J.

identifies no custodial interrogation, but only phone calls.  And the Sixth Amendment right to

counsel inheres only at critical stages of criminal proceedings.[15/]  But Bruce does not assert that

criminal proceedings had already begun in this case, nor that these calls were a critical stage under

Supreme Court precedent.  For these reasons, this Court construed Bruce's claim as a Fourth

Amendment claim, and, appropriately, denied relief.

      For the foregoing reasons, the Court **DENIES** Bruce's motion for relief under Rule 59.

      IT IS SO ORDERED.

Dated: March 15, 2013          s/         *James S. Gwin*     
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[15/]*Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008).